## Louisville & Nashville R. R. Co. v. Watson.

**Railroads—Negligence for Killing Stock—Limitations.**

    A limitation for beginning an action against a railroad company for killing stock, by an amendment of the acts of the legislature, and that the "Louisville and Nashville R. R. Company shall rely on the same limitations for the same causes etc.," is held to enure to the benefit of said L. & N. R. R. Company, though not expressed in specific words.

APPEAL FROM LOGAN CIRCUIT COURT.

October 5, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

One of the trains operated by appellant having run against and killed the mare of appellee, to a suit for damages appellant pleaded, in the second paragraph of its answer, that the cause of action complained of had accrued more than six months before the bringing of said suit, and hence the plaintiff was barred by lapse of time, to which the court sustained a demurrer and exception thereto was taken; upon trial the plaintiff recovered a verdict and judgment which appellant seeks to reverse, mainly on the single question of bar by lapse of time. There is no contrariety of evidence as to the fact that the killing of the mare occurred about seven months before suit was brought.

By an amendment to the charter of the Louisville & Frankfort Railroad Company, of February 23, 1856, Sess. Acts, 315, in section 7, it was enacted that

> "All suits brought against said company for stock or other property injured or killed on the aforesaid road, must be brought within six months next after such injury or killing is done."

By an amendment to the charter of the Louisvilel & Nashville Railroad Company, of February 6, 1858, Sess. Acts, 293, it is provided in section 6,

> "That the Louisville & Nashville Railroad Company, for

the main line and its branches X X X shall have the right to plead and rely on the same limitation for the same causes of action provided for"
the Lexington & Frankfort and Louisville & Frankfort Railroad Companies by their charters and amendments thereto.

There can be no doubt but that for injuries to stock since the enactment of February 23, 1856, that the Louisville & Frankfort Railroad Company may rely upon the lapse of six months as a bar and as little doubt that for such injuries since the enactment of February 6, 1858, the Louisville & Nashville Railroad Company may also rely upon such lapse of time as a bar, for however impolitic such enactments may be, they are clearly constitutional and valid and courts are compelled to administer them.

Wherefore, the judgment is reversed, with directions for a new trial and that the demurrer to said second paragraph of defendant's answer be overruled, and for further proceedings consistent herewith.

*Rhea,* for appellant.

*James,* for appellee.